NO. 07-00-0556-CR


NO. 07-00-0557-CR


NO. 07-00-0558-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 22, 2000



______________________________




VINCENTE DWIGHT MCCRAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NOS. B3255-99-07CR, B3256-99-07CR AND B3257-99-07CR;


 HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Vincente Dwight McCray, acting pro se, has filed a purported appeal of
his conviction of March 15, 2000, for the offense of delivery of cocaine and the resulting
punishment of three years confinement in the Institutional Division of the Department of
Criminal Justice. We have received non-certified copies of appellant's judgment and
sentence in the case in which he was convicted and non-certified copies of dismissals in
two other cases which may have been the result of a plea bargain agreement. 

 We have not received a clerk's or reporter's record in these matters, nor has any
brief been filed. We note that on the same day and time that appellant filed his notice of
appeal, he also filed a letter indicating that he wished to cancel "the request for an appeal." 
Because we have no record, we are unable to determine the current status of the
purported appeal. However, since it appears that a notice of appeal was filed, this state
of affairs requires us to abate the appeals to the trial court for a hearing as provided by
Texas Rule of Appellate Procedure 38.8 (b). Accordingly, the appeals are abated and the
causes remanded to the 64th District Court of Swisher County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
of, and conduct, a hearing to determine:

 1. Whether appellant has abandoned his appeals.

 2. Whether appellant is presently indigent, and if so, whether counsel
should be appointed to represent him. If it be determined that an attorney
should be appointed, the name, address, and State Bar of Texas
identification number of the attorney appointed.


 3. If appellant is not indigent, what steps need to be taken to ensure that
appellant will promptly obtain the services of an attorney to pursue the
appeal.

 

 4. Whether appellant has been deprived of diligent appeals by ineffective
assistance of counsel or for any other reason.


 5. If appellant is indigent, what steps need to be taken to ensure that a reporter's
record and clerk's record are available to appellant.

 

 6. If any other orders are necessary to ensure the proper and timely pursuit of
appellant's appeals. 


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's record and reporter's record shall be
submitted to the clerk of this court no later than January 25, 2000.

 It is so ordered. 

 Per Curiam

Do not publish.



0;   3.       whether appellant has been denied effective assistance of counsel given the
attorney’s failure to file a brief.

 
     The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by December 15, 2008.
          It is so ordered.
 

Per Curiam



Do not publish.